



**PARTNERS**
Aaron M. Rivera-Julka, Esq.
Eduardo J. Rivera-Julka, Esq.

**ASSOCIATES**
Brian Vasquez, Esq.
Melissa C. Fisher, Esq.
Daria Sidoruk, Esq.
Jessica Ventura, Esq.
Joshua Stickell, Esq.

VIA ECF
Hon. Gary R. Brown
United States District Court Judge
100 Federal Plaza
Central Islip, New York 11722

Re: *Martinez Esquivel v. Bondi et al.*, 26-cv-1165

Dear Judge Brown:

Counsel respectfully submits this letter in response to Respondents' filing regarding Petitioner's criminal history and to clarify the record.

First, counsel apologizes to the Court for the statements in paragraphs 91 and 99 of the Petition that Petitioner had "no criminal history." That statement was made in the context of an emergency filing focused on Petitioner's acute cardiac condition and the risk of imminent transfer. At the time of filing, counsel had only limited information from his partner, who had not spoken with the Petitioner since the date of his arrest. Counsel appreciates the Court's Order to Show Cause and the opportunity to address the issue fully, and regrets the inaccuracy.

Second, Respondents have submitted an Interstate Identification Index (III) response that reflects two prior matters.

The first is a misdemeanor conviction entered on December 1, 2015, for Aggravated Driving While Intoxicated (VTL § 1192[2-a]). Petitioner pled guilty, received a two-year probationary sentence, paid a fine, and completed supervision on June 30, 2017. The conviction is now more than ten years old, and the record does not reflect any subsequent alcohol-related offenses.

The second matter reflects an arrest on November 16, 2025, initially charging felony offenses. However, the III response reflects a final disposition dated February 25, 2026, resulting in a conviction for Disorderly Conduct (PL § 240.20[7]), a violation-level offense under New York law, with a sentence of conditional discharge, community service, and a $100 fine. The report does not reflect a felony conviction for weapons or narcotics.

Arrest charges alone do not establish present dangerousness, particularly where the final disposition reflects resolution as a violation-level offense. The Court's inquiry concerns whether

there is a particularized basis to conclude that Petitioner currently poses a danger to the community or a flight risk. On the record presently before the Court, a single misdemeanor conviction from 2015 and a recent violation-level conviction do not establish that Petitioner presents a current danger warranting continued detention.

Notably, Respondents do not argue that Petitioner must be mandatorily detained. Instead, they submit that "the imposition of a bond with a surety is more appropriate." That position effectively acknowledges that release under conditions is sufficient to address any government interests and that continued no-bond detention is not required.

Petitioner has resided in New York for more than twenty years. He lives with his partner and newborn child. He recently underwent an interventional cardiac procedure and will miss critical follow-up appointments if he remains detained and has already been denied access to his prescribed life-saving medications. There is no evidence that he has failed to appear for prior proceedings, and he is currently scheduled for a master calendar hearing.

In light of the III response, the absence of any felony conviction, and Petitioner's significant medical condition, continued detention is not warranted. If the Court determines that conditions are appropriate, Petitioner respectfully requests release under reasonable supervision or a bond tailored to his ability to pay. Detention should not be prolonged based on arrest charges that were ultimately resolved as a violation-level offense.

Respectfully submitted,

/s/ Joshua R. Stickell
Joshua R. Stickell, Esq.
Rivera Julka Law Group
*Counsel for Petitioner*
17 W. Main Street,
Bay Shore, NY 11706
